UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| THE RESTAURANT HOSPITALITY ASSOCIATION OF INDIANA, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO. 1:05-CV-051 |
| AMERICAN UNITED LIFE INSURANCE COMPANY and R.E. MOULTON, INC., | ) ) ) | |
| Defendants. | ) | |

OPINION AND ORDER

Plaintiffs are a group of Indiana employers who, in their capacities as administrators of their respective employee benefits plans, purchased stop-loss insurance coverage from Defendant American United Life Insurance Company ("AUL"). Plaintiffs' policies were procured through AUL's agent, Defendant R.E. Moulton, Inc. ("Moulton"), in late 2002 and early 2003. However, on September 19, 2003, Moulton informed an agent of the Plaintiffs that AUL does not "knowingly provide stop-loss insurance to association plans on behalf of single employer trusts," and that Plaintiffs' policies would therefore be cancelled, or at least not renewed (the parties cannot agree which).

Around this time, Moulton sent an email to an agent of one of the plaintiffs, in which it characterized the episode as a "misunderstanding." Seizing on that statement, Plaintiffs filed the instant suit in Indiana state court, alleging that their insurance policies are subject to recission due to mutual mistake and demanding a refund of the premiums they allegedly paid.[1]

---

[1] In the alternative – that is, if the Court eventually determines that there was no mutual mistake and the policies were valid – Plaintiffs assert a claim for breach of contract. Specifically, they allege that Defendants' cancellation (or non-renewal) of the policies violated the terms of the policies, entitling Plaintiffs to contractual

Defendants removed the case to this Court based on federal question jurisdiction, which

Plaintiffs did not challenge.[2]

Now before the Court is Defendants' Motion for Joinder of Additional Defendants.

(Docket # 19.)  Defendants invoke Federal Rule of Civil Procedure 19, which (with immaterial

exceptions) makes joinder mandatory if, *inter alia*, "complete relief cannot be accorded among

those already parties" in the joining party's absence.  Fed. R. Civ. P. 19(a).

Defendants wish to join five new parties as defendants ("the Proposed Defendants"), all

of whom were agents or plan administrators for Plaintiffs and helped broker the original deals

between Plaintiffs and Defendants.[3]  According to Defendants, AUL only agreed to insure

Plaintiffs because the Proposed Defendants made material misrepresentations to Defendants

about "the nature of the risk."  Therefore, Defendants argue, the Plaintiffs should actually be

suing the Proposed Defendants, an oversight Defendants seek to correct with the present motion.

*See, e.g., Steward v. City of Mt. Vernon*, 497 N.E.2d 939, 942 (Ind. Ct. App. 1986) ("if an agent

undertakes to procure insurance and through his neglect and fault fails to do so, he is liable to his

principal for any damage resulting therefrom").  Indeed, in Defendants' view, this is a situation

where "complete relief cannot be afforded" between the current parties, making joinder

compulsory under Rule 19(a).

However, Defendants' reading of Rule 19's "complete relief" clause is too broad.

---

damages.

[2]The alleged basis for federal question jurisdiction was the Employee Retirement Income Security Act.  *See* 29 U.S.C. § 1144.

[3]The Proposed Defendants are Employee Benefit Managers of America, Inc., Charles H. Belch, Jerry T. Currin, Currin & Associates Agency, Inc., and Michael S. George.

Granted, some courts have read this clause as a broad mandate for courts to join any parties necessary to avoid duplicative litigation, *e.g., Walsh v. Centeio*, 692 F.2d 1239, 1243 (9th Cir. 1989); *Showtime Game Brokers, Inc. v. Blockbuster Video, Inc.*, 151 F.R.D. 641, 646 (S.D. Ind. 1993); *McCann v. Ruiz*, 788 F.Supp. 109, 121 (D.P.R. 1992), and at least one court has applied it in a situation similar to this one, *Whyham v. Piper Aircraft Corp.*, 96 F.R.D. 557, 560 (M.D. Pa. 1982) (imposing mandatory joinder under Rule 19 where absentees, rather than present defendant, may have caused harm to plaintiff).  But the majority rule is to read the "complete relief" clause more narrowly, so as to focus only on completeness of relief between the current parties, not potential claims between a current party and an absentee.  *E.g., Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 705 (3rd Cir. 1996); *Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 209 (2nd Cir. 1985); *U.S. v. County of Arlington*, 669 F.2d 925, 929 (4th Cir. 1982); *Eldredge v. Carpenters 46 N. Cal. Counties Joint Apprenticeship and Training Comm.*, 662 F.2d 534, 537 (9th Cir. 1981); *Freiman v. Lazur*, 925 F.Supp. 14, 26 (D.D.C. 1996).  Moreover, a leading treatise on civil procedure persuasively argues that this narrow reading is the better one.  *See* 4 James Wm. Moore et al., *Moore's Federal Practice* § 19.03[2][b] (3rd ed. 2004).

In particular, most courts hold that the "complete relief" clause does not sweep in potential co-defendants in situations such as this; in other words, "[i]t is irrelevant . . . that plaintiff may . . . be foregoing opportunities to sue other defendants for other wrongs." *Intercept Sec. Corp. v. Code-Alarm, Inc.*, 164 F.R.D. 215, 218 (E.D. Mich. 1995); *see also Eldridge*, 662 F.2d at 537; *Giaguara S.P.A. v. Amiglio*, 257 F.Supp.2d 529, 541 (E.D.N.Y. 2003).  The Court agrees with the weight of authority on this issue: joinder is not compelled under Rule 19 simply

because Plaintiffs could possibly recover from the Proposed Defendants instead of (or in

addition to) Defendants.[4]

    For these reasons, Defendants' motion for joinder (Docket # 19) is DENIED.


Enter for this 20th day of May, 2005.


                                        /S/ Roger B. Cosbey
                                        Roger B. Cosbey,
                                        United States Magistrate Judge

---

    [4]Defendants also wish to join the Proposed Defendants in order to assert their own claim, apparently a cross-claim under Rule 13(h), on the grounds that the Proposed Defendants must disgorge commissions they received from Defendants when the policies were executed.  Although Defendants suggest that their intention to file a cross-claim requires joinder under Rule 19's "complete relief" clause, they offer no argument or authority in support of the proposition, and clearly, as noted *supra*, complete relief can be afforded between the current parties. (*See* Docket # 19 ¶ 14.)