UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| THE RESTAURANT HOSPITALITY ASSOCIATION OF INDIANA, ET AL., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO.   1:05-cv-051 |
| AMERICAN UNITED LIFE INSURANCE COMPANY and R.E. MOULTON, INC., | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a jurisdictional issue raised *sua sponte* by the Court at the September 2, 2005, scheduling conference. (Docket # 38.)  At that time, the Court questioned whether the case was properly removed by the Defendants from the Allen Superior Court on February 8, 2005, by invoking federal question jurisdiction under Section 502 of the Employee Retirement Income Security Act (ERISA). *See* 29 U.S.C. § 1132(a).

In short, the Court's concern was whether there was, as represented by the Defendants, complete ERISA preemption of the Plaintiffs' claims.  Those claims all center on the allegation that each of the three Plaintiffs, as employers, had established employee welfare benefit plans and each had purchased a policy of insurance for stop loss coverage issued by the Defendant American United Life Insurance Company, through its agent, R.E. Moulton, Inc.  After paying premiums for some period of time, however, each Plaintiff was told by the Defendants that as a result of an alleged mutual mistake, the policies had been issued in error.  Consequently, the Plaintiffs all seek to have their premiums refunded.  One of the Plaintiffs, The Restaurant

Hospitality Association of Indiana, alternatively alleges that it paid medical expenses for one of its employees and should receive payment for those expenses that were otherwise reimbursable under the policy.

Stated simply, this factual background raises the question of whether any of the Plaintiffs have standing to bring a claim against the Defendants under § 502(a) of ERISA, or whether this is an ERISA case at all.

The Court gave the parties an opportunity to address the issue through further briefing. On September 23, 2005, the Defendants filed a "Statement Regarding Federal Jurisdiction" conceding that the only party eligible to bring a claim for benefits under §502(a) of ERISA is either a participant in, or beneficiary under, an employee benefit plan as defined in 29 U.S.C. §1002(7) and (8) respectively.  Interestingly, the Defendants conceded that the Plaintiffs do not fit within either category. The time for the Plaintiffs to respond has passed, although we note that counsel for the Plaintiffs indicated at the scheduling conference that he did not believe that ERISA preemption applied.

Nevertheless, despite the fact that the parties now believe that this Court does not have jurisdiction, we will address the issue so as to complete the record.

As the Court explained at the September 2, 2005, conference, the propriety of removal depends upon whether this Court has federal question jurisdiction under 28 U.S.C. § 1331, and the burden is on the Defendants to establish such a basis.  *See Analytical Surveys, Inc. v. Intercare Health Plans, Inc.*, 101 F. Supp. 2d 727, 730 (S.D. Ind. 2000).  If there is doubt as to the right of removal, the case should be remanded. *Id.* (citing *Kenro, Inc., v. Fax Daily, Inc.*, 904 F. Supp. 912, 913 (S.D. Ind.1995) (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th

Cir.1993))).

In this context, since the Plaintiffs' state court complaint alleges straight-forward state law contract claims, without any reference to ERISA, the Defendants must show complete preemption in order to create federal jurisdiction. *Id.* at 731 (citing *Rice v. Panchal*, 65 F.3d 637, 640 (7th Cir. 1995)). The Defendants apparently thought at the time of removal that this case fell under § 502(a) of ERISA, a statutory provision which if applicable, provides an unquestioned basis for complete preemption. *Id*.

> ERISA § 502(a) provides in pertinent part:
>
> A civil action may be brought--
> (1) by a participant or beneficiary--
>     ***
>     (B) to recover benefits due to him under the terms of his plan, to enforce his rights
>     under the terms of the plan, or to clarify his rights to future benefits under the
>     terms of the plan;
> (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief
> under section 1109 of this title;
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which
> violates any provision of this subchapter or the terms of the plan, or (B) to obtain other
> appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions
> of this subchapter or the terms of the plan . . . .

Three factors are relevant for determining whether a claim is within the scope of § 502(a): (1) whether the "plaintiff [is] eligible to bring a claim under that section;" (2) whether the plaintiff's "cause of action falls within the scope of an ERISA provision that the plaintiff can enforce via § 502(a),"; and (3) whether the plaintiff's "state law claim cannot be resolved without an interpretation of the contract governed by federal law." *Analytical Surveys*, 101 F. Supp. 2d at 732 (citing *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996) (quoting *Rice*, 65 F.3d at 641, 644)). The Plaintiffs fail on at least the first and third factors.

Although the Defendants' Notice of Removal alleged that the Plaintiffs are Plan

3

fiduciaries and would, therefore, arguably be eligible to bring a claim under § 502(a)(2) (*see* Notice of Removal ¶ 15), it has not been shown that any of them have "substantial control over the assets, management, or administration of an ERISA plan" so as to qualify them as fiduciaries,  *Id.* (quoting *Health Cost Controls of Illinois, Inc. v. Washington*, 187 F.3d 703, 709 (7th Cir.1999) (citing 29 U.S.C. § 1002(21)(A)), and the Defendants have apparently abandoned any such contention.[1]

Moreover, the only other § 502(a) provision under which the Plaintiffs could have brought an action as fiduciaries against these Defendants is § 502(a)(3), which allows a Plan fiduciary to obtain appropriate equitable relief for an act or practice that violates ERISA or the terms of the Plan.  The Notice of Removal, however, concedes that the Plaintiffs are seeking compensatory damages (*see* Notice of Removal ¶ 11), a legal remedy that is inconsistent with the equitable relief contemplated by § 502(a)(3). *Id.* at 734 (citing *Buckley Dement, Inc. v. Travelers Plan Adm'rs of Ill., Inc.*, 39 F.3d 784, 787-88 (7th Cir.1994)).

Therefore, unless the Plaintiffs can be considered either "participant[s] or beneficiar[ies]" as those terms are used in §502(a)(1), they are not eligible to bring an ERISA action, and the case must be remanded under 28 U.S.C. §1447(c).

 A "participant" is any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan that covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.  29 U.S.C. § 1002(7). A "beneficiary" is a "person designated by a participant, or by the terms of an

---

[1] Although section 502(a)(2) only allows one fiduciary to sue another for the breach of fiduciary duty, it has not been suggested that the Defendants fall into that category either.

employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).  The Defendants concede that the Plaintiffs do not fit into either category, and thus have no standing under ERISA.

Finally, although not discussed in their statement concerning jurisdiction, the third *Rice* factor also disfavors complete preemption. The claims here do not require interpretation of the Plan, and the relationship at issue is the one between these Plaintiffs and the Defendants independent of the Plan. *Analytical Surveys, Inc.*, 101 F. Supp. 2d at 734;  *Indep. Distribs. Co-op. USA v. Advanced Ins. Brokerage of Am., Inc.*,  264 F. Supp. 2d 796, 804 (S.D. Ind. 2003) (No ERISA preemption where the Plaintiffs make no claim based on any right under the Plan, do not contend that any of the Plan's terms have been breached and do not seek to enforce or modify the terms of the Plan.).

Therefore, since there is no ERISA preemption and no Plaintiff has standing to assert an ERISA claim, there is no federal jurisdiction under 28 U.S.C. §1331; with no other basis for jurisdiction, *i.e.*, 28 U.S.C. §1332,  the case must be remanded.

It is therefore ORDERED that the Clerk remand this case to the Clerk of the Allen Superior Court.

Enter for October 14, 2005.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge